IN THE MATTER OF THE PROBATE OF THE WILL OF WILLIAM GOLDER, DECEASED.

*Will — construction of a provision giving to the testator's widow " the amount due her by law."*

A testator left a will which provided, among other things, as follows: "I desire my executors hereinafter appointed, to pay all my just debts and funeral charges; then, after my widow shall be paid and receive the amount due her by law, I give and bequeath to Sarah Elizabeth, wife of Jacob Henry Foster, the sum of one hundred dollars, and to Abraham James Golder the like sum of one hundred dollars. (The reason these two receive less than my other children is that their mother has a considerable property)." He then gave a legacy to a granddaughter and the residue of his estate to two sons. It did not appear that the testator was indebted to his wife in any sum at the time of his decease.

*Held*, that it was the intention of the testator to leave to his widow a legacy, the amount of which was to be fixed by law, and that she was entitled to receive the same proportion of his property that she would have received had he died intestate.

APPEAL from so much of a decree of the surrogate of Queens county admitting a will to probate, as construed a clause relating to the testator's widow adversely to the claims made by her.

The testator William Golder, died, leaving him surviving a widow, four children and a granddaughter. The will provided as follows :

"*First.* As soon as convenient after my decease, I desire my executors hereinafter appointed, to pay all my just debts and funeral charges ; then, after my widow shall be paid and receive the amount due her by law, I give and bequeath to Sarah Elizabeth, wife of Jacob Henry Foster, the sum of one hundred dollars, and to Abraham James Golder the like sum of one hundred dollars. (The reason these two receive less than my other children is that their mother has a considerable property.) I further give and bequeath to Anna Farrington, my granddaughter and daughter of Thomas Farrington, the sum of one thousand dollars, and the balance of my estate, real and personal, I give to my two sons by my first wife, William Henry and Michael Benjamin, to be equally divided between them, share and share alike ; all of which I give to them and their heirs forever."

*Henry A. Monfort*, for Elizabeth Golder, widow, appellant.

*John J. Armstrong*, for the proponents, respondents.

PRATT, J.:

The will in question contains the following provisions: "First. As soon as convenient after my decease, I desire my executors hereinafter appointed to pay all my just debts and funeral charges; then after my widow shall be paid and receive the amount due her by law, I give and bequeath, etc."

There is no evidence showing that the testator was indebted to his wife in any sum at the time of his decease. The presumption is therefore that he did not owe her anything. It is evident that the testator in the clause of the will relating to his widow does not refer to the payment of a debt, for the payment of all his debts is provided for in the preceding clause.

If it had been his purpose that she should have only her dower and articles set apart for her by the statute, he would doubtless have made no reference to her. These he could not deprive her of, and it would have been well therefore for him to have devised and bequeathed them to her. Besides, if he had intended that his widow should receive nothing but her dower and chattels he would have employed other language than that used. He would have spoken of his widow being " paid " her dower or chattels; or the " amount " of her dower or chattels. He must therefore have had some other purpose in view.

It will be observed that his wife is the first object of the testator's care " after " the widow shall be paid, etc., " then " he bequeaths to others, showing that he had her in view as an object of bounty. Furthermore, if she was to receive only her dower and the few chattels the statute allows her, why did he postpone the payment of all the legacies until after these were set apart to her? They formed no part of his estate and there could be no reasonable purpose in delaying its distribution.

It is clear therefore that the testator intended to *bequeath something* to his widow. Having arrived at this conclusion, it follows from the language " the amount due her by law," used by him, that it was his purpose that she should be paid the same proportion of his property that she would have received if he had died intestate.

He intended to bequeath to her a legacy the amount of which he left the law to fix. This construction is sustained by the authorities: *Stineman's Appeal* (34 Penn. St., 394); *Adamson* v. *Ayers* (5 N. J. Eq., 349); *Kelly* v. *Reynolds* (33 Am. R., 418); *Druce* v. *Denison* (6 Ves., 385.)

It follows from these views that the decree of the surrogate, so far as it construes the will in question, must be reversed and the widow declared entitled to receive the same share of the testator's estate as if he had died intestate.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

So ordered.